NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3357
_____

UNITED STATES OF AMERICA

v.

DAVON STEVENS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cr-00032-001)
District Judge: Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 8, 2021

Before: SHWARTZ, NYGAARD and FISHER, *Circuit Judges*.

(Filed: January 3, 2022)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Davon Stevens, along with a co-defendant, pleaded guilty to conspiracy to possess

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

with intent to distribute and possession with intent to distribute fentanyl and fentanyl analogues. He reserved his right to appeal the denial of his motion to suppress evidence seized in the search of his residence. Officers searched Stevens's home pursuant to a search warrant issued following the receipt of an anonymous tip and police surveillance. Exercising his right to appeal, Stevens argues the District Court erred in denying his motion to suppress because the affidavit supporting the warrant did not provide probable cause for the search. Because we find no error, we will affirm.[1]

At the outset, we note that our review is confined to the affidavit supporting the search warrant.[2] Before the District Court, Stevens requested a hearing under *Franks v. Delaware* to challenge the contents of the affidavit.[3] However, the District Court denied this request, and Stevens does not renew it on appeal.[4] Both parties have properly conceded that this Court must limit its review to the four corners of the affidavit and not

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. For the denial of a motion to suppress evidence, we review factual determinations for clear error and exercise plenary review over the application of the law to those facts. *United States v. Murray*, 821 F.3d 386, 390–91 (3d Cir. 2016).

[2] Reviewing a probable cause determination, this Court "confines itself 'to the facts that were before the magistrate judge, i.e., the affidavit, and [does] not consider information from other portions of the record.'" *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (citation omitted).

[3] 438 U.S. 154, 155–56 (1978) (requiring a "substantial preliminary showing that a false statement knowingly and intentionally . . . was included by the affiant in the warrant affidavit" before defendant may obtain a hearing to challenge the truthfulness of statements in an affidavit).

[4] Arguments not raised on appeal are waived or forfeited. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 n.5 (3d Cir. 2002).

consider information from other portions of the record.[5]

Stevens argues the District Court erred in denying his motion to suppress evidence because the affidavit supporting the search of his residence did not provide probable cause. He contends the affidavit was supported by a bare bones anonymous tip containing no predictive information that led only to the minimal corroboration of an innocent, readily observable fact that could not support the reliability of the anonymous informant.

This Court, like the District Court, must give great deference to the Magistrate Judge's initial probable cause determination.[6] We evaluate only whether a magistrate judge "had a substantial basis for concluding that probable cause existed."[7] And we will uphold a warrant where the contents of the affidavit show a "fair probability" that contraband or evidence of a crime will be found in the place to be searched.[8] In assessing an affidavit relying on an anonymous tip, we look for indications of the informant's basis of knowledge and veracity. However, we consider the totality of the circumstances,

---

[5] In assessing an affidavit for probable cause, we accept as true facts not challenged in a *Franks* hearing. *See United States v. Yusuf*, 461 F.3d 374, 392 n.17 (3d Cir. 2006); *see also United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993) (accepting the allegations in the affidavit as true in the absence of a *Franks* hearing).

[6] *See United States v. Williams*, 974 F.3d 320, 350 (3d Cir. 2020); *Hodge*, 246 F.3d at 305.

[7] *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983)).

[8] *See Williams*, 974 F.3d at 350–51 (quoting *Gates*, 462 U.S. at 238); *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993) ("[A] reviewing court is to uphold the warrant as long as there is a substantial basis for a fair probability that evidence will be found.").

allowing deficiencies in the affidavit to be compensated by other indicia of reliability.[9]

Police corroboration of a tip's information remains an important means to test the

reliability of an anonymous informant.[10]

The District Court concluded the affidavit provided a substantial basis for a

finding of probable cause. We agree. The affidavit asserted that investigators received a

tip from an anonymous informant that Stevens was a drug dealer, that he had distributed

drugs in connection with an overdose, and that he had recently received a supply of up to

twenty-five bricks of heroin/fentanyl at a specific address. The affidavit further described

a subsequent investigation that verified the address provided by the anonymous informant

as Stevens's address based on his registration with the Pennsylvania Parole Board and

investigators seeing Stevens enter the residence. It also stated the officers observed a man

leave Stevens's home, meet another individual on the street, and engage in a hand-to-

hand drug transaction. According to the affidavit, the man who departed Stevens's

residence supplied heroin/fentanyl in exchange for money.

This affidavit meets all three of our prescribed premises for the search of a

residence of a person accused of dealing drugs.[11] We have previously upheld a search

---

[9] *Gates*, 462 U.S. at 233–37; *Stearn*, 597 F.3d at 555.

[10] *Stearn*, 597 F.3d 555–56 (discussing *Gates*, 462 U.S. at 233–45).

[11] *See United States v. Burton*, 288 F.3d 91, 104 (3d Cir. 2002) ("(1) [T]hat the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities.").

warrant where the affidavit established direct evidence the suspect was a drug dealer and the place to be searched was the suspect's residence, but relied principally on an informant's tip to link the drug dealing to that residence.[12] Here, the officers established—by Stevens's parole registration and their observation of him entering the house—that the place to be searched was his residence. Further, the affidavit described direct evidence linking Stevens's residence to his criminal activity—the hand-to-hand drug transaction—and recounted the tip establishing that Stevens was a drug dealer.[13]

Stevens argues that the anonymous tip contained no predictive information and the lone detail that could be corroborated was his address, a readily observable fact and thus insufficient to support the informant's reliability. An anonymous tip that solely provides readily observable, innocent information to identify a subject cannot support a probable cause finding.[14] We are not faced with such a tip because the police corroborated more than just the readily observable, innocent detail of Stevens's address.[15] The anonymous informant stated that Stevens was a distributor who had recently received up to twenty-

---

[12] *See Stearn*, 597 F.3d at 564–65.

[13] While *Stearn* involved an affidavit based on the statements of a confidential informant, not an anonymous tipster, that informant bore many of the traits that compel caution in dealing with anonymous tips. *See* 597 F.3d at 555–56.

[14] *See Florida v. J.L.*, 529 U.S. 266, 271–72 (2000); *United States v. Roberson*, 90 F.3d 75, 80–81 (3d Cir. 1996).

[15] Although we determine that the tip here was predictive, and it could thus be corroborated by subsequent investigation, we do not hold that an anonymous tip must be predictive to permit corroboration. *See United States v. Ritter*, 416 F.3d 256, 263–64 (3d Cir. 2005) (allowing corroboration based on officer's past experience with particular residence).

five bricks of heroin/fentanyl at his home. This information contains the implicit prediction of future drug sales from Stevens's residence,[16] precisely what investigators observed.

This corroboration of both innocent and suspicious details supported the reliability of the anonymous informant, and it provided a substantial basis to credit the informant's other allegations: that Stevens was, in fact, a drug dealer and that twenty-five bricks of heroin/fentanyl were stored at his residence.[17] Considering the totality of the circumstances, including the tip's predictiveness and subsequent corroboration, there was a substantial basis for a finding of probable cause.[18]

Even if we were to find that the affidavit was lacking a substantial basis for the finding of probable cause, we would still uphold the search under the good faith exception to the exclusionary rule.[19] Stevens asserts that the good faith exception does not apply because the affidavit was based on conclusory assertions and an uncorroborated and unreliable anonymous tip. He therefore argues "the warrant was based on an affidavit

---

[16] *See Hodge*, 246 F.3d at 304–05 (permitting inferences to support finding of probable cause); *see also Stearn*, 597 F.3d at 564–65 (describing permissible inferences by magistrate judge).

[17] *See Gates*, 462 U.S. at 244 ("Because an informant is right about some things, he is more probably right about other facts." (citation omitted)).

[18] *See id.* at 231–32 (explaining that the probable cause standard is not subject to any "rigid demand that specific 'tests' be satisfied" but is rather a "practical, nontechnical conception" which "turn[s] on the assessment of probabilities in particular factual contexts").

[19] *See United States v. Leon*, 468 U.S. 897, 922–25 (1984).

so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[20]

Under the good faith exception, the suppression of evidence "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority."[21] The test for the good faith exception is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate[] [judge's] authorization."[22] Officers act objectively reasonably when they rely on a magistrate judge's resolution of a "close call" in a probable cause determination.[23] This Court has identified only a few situations in which an affidavit is so severely lacking in indicia of probable cause as to forbid application of the good faith exception, including affidavits based entirely on conclusory assertions, a single piece of outdated evidence, or an uncorroborated anonymous tip.[24]

Here, a reasonably well-trained officer could be expected to rely on the search

---

[20] Appellant's Br. 38 (quoting *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir. 2002)).

[21] *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993).

[22] *United States v. Loy*, 191 F.3d 360, 367 (3d Cir. 1999) (quoting *Leon*, 468 U.S. at 922 n.23).

[23] *See Stearn*, 597 F.3d at 567 (quoting *Hodge*, 246 F.3d at 309).

[24] *See Williams*, 3 F.3d at 74; *Zimmerman*, 277 F.3d at 437; *Ritter*, 416 F.3d at 263; *see also Virgin Islands v. John*, 654 F.3d 412, 418–19 (3d Cir. 2011) (holding good faith exception inapplicable because indicia of probable cause for particular offense entirely lacking).

warrant issued by the Magistrate Judge.[25] Contrary to Stevens's contention, the supporting affidavit was not entirely based on conclusory assertions.[26] Rather, it relied on a tip that provided specific information about Stevens's distribution of heroin/fentanyl and that officers corroborated through independent investigation, including by directly observing criminal activity connected to Stevens's residence.[27] A reasonable officer could rely on the warrant based on the allegations in the affidavit, so even if we deemed it insufficiently supported by probable cause, the good faith exception would apply.[28]

For these reasons, we will affirm.

---

[25] Even if we held that probable cause did not exist, the affidavit presents, at a minimum, a close call that the Magistrate Judge resolved in favor of a search by issuing the warrant, upon which officers could reasonably rely. *See Stearn*, 597 F.3d at 567.

[26] Arguably, the affidavit included at least one wholly conclusory allegation, specifically that the "tipster provided highly detailed information regarding the nature and circumstances of the overdose death that was independently corroborated by law enforcement." Appx. 98. This is the statement Stevens sought to challenge under *Franks*. Appellant's Br. 8–9. However, a single conclusory statement does not make reliance on a warrant unreasonable. *See Conley*, 4 F.3d at 1208 ("[S]tatements in an affidavit may not be read in isolation—the affidavit must be read as a whole." (citation omitted)). And even without the challenged conclusory statement, the affidavit still shows sufficient indicia of probable cause for us to affirm the District Court. *See United States v. Aviles*, 938 F.3d 503, 509 (3d Cir. 2019).

[27] We have previously upheld a search under the good faith exception where similar evidence to that in the present case connected the place to be searched to the suspected criminal activity. *See Stearn*, 597 F.3d at 563, 565–67. Here, the evidence is arguably stronger than in *Stearn* as the officers there did not observe a drug deal occurring immediately following a departure from that defendant's residence. *See id.*

[28] The Government advances two additional bases for affirmance: the inevitable discovery doctrine and Stevens's alleged lack of standing in the place searched. Neither ground was raised in the District Court, however, so the arguments are waived. *See, e.g.*, *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").